In re FRONT OFFICE ASSOCIATES, INC., Debtor.

FRONT OFFICE ASSOCIATES, INC., Plaintiff,

v.

R. Gary CLARK, Tax Administrator for the State of Rhode Island, Defendant.

Bankruptcy No. 91–12624.
Adv. No. 92–1019.

United States Bankruptcy Court, D. Rhode Island.

June 15, 1992.

Roderick A.J. Cavanaugh, Wakefield, R.I., for debtor, plaintiff.

Marcia McGair Ippolito, Providence, R.I., for Division of Taxation, R.I. Dept. of Admin.

### DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Before the Court for determination are: (1) the Debtor's Complaint for the issuance of an affirmative injunction against R.

---

Gary Clark, the State Tax Administrator, to remove a tax lien on the Debtor's accounts receivable due from the Department of Education for the State of Rhode Island; and (2) the State's counterclaim for the imposition of Rule 11 [Fed.R.Bankr.P. 9011] sanctions as a result of the Debtor's having filed a complaint "clearly without merit ... with foreshortened notice on the assumption that it [the Debtor] could secure an unjustified return of trust fund taxes by default or coercion."

## BACKGROUND

This Chapter 11 case was filed on October 10, 1991. Months prior to the filing, however, the Debtor fell behind in its payment of sales and withholding taxes to the State of Rhode Island (the "State") and as a result, on May 8, 1991, the parties entered into a consensual payment arrangement whereby accrued sales and withholding taxes would be offset against amounts due the Debtor under its various contracts with agencies of the State. One such contract was between the Debtor and the Rhode Island Department of Education ("DOE") which covered the period August 1, 1991 through June 30, 1992. Under that contract, the Debtor is owed a total of $20,000 for the period August through December, 1991, $12,000 of which is for the period August through October 15, 1991.

On August 21, 1991, the Tax Administrator served a notice of set-off, pursuant to R.I.GEN.LAWS § 44-1-11.1, to the State Comptroller (with notice to the Debtor) formally levying on the funds due the Debtor under its contract with the DOE.

Subsequent to the Debtor's Chapter 11 filing and in order to determine to whom it should pay the contract price, the DOE requested an advisory ruling from the Tax Administrator as to whether the levy on the contract receivable survived the bankruptcy. On November 29, 1991, the Tax Administrator answered in the affirmative. Since that time however, the DOE has not

paid the invoice amounts to either the Tax Department or the Debtor. In order to prompt the DOE's payment, on February 3, 1992, the Debtor commenced the instant adversary proceeding requesting the Court to invalidate the tax lien on the DOE account receivable and to order the payment of all funds due under its contract with the DOE to the Debtor, forthwith.

## DISCUSSION

■ Initially the Debtor contends that the Tax Administrator violated the provisions of the automatic stay in 11 U.S.C. § 362(a)(7) [1] by having placed a lien on the Debtor's property, and again by issuing its ruling that the lien is proper and effective. On the facts presented however, it is clear that the Tax Administrator levied on the Debtor's contract proceeds prior to the filing of its Chapter 11 petition, and hence prior to the effective date of the automatic stay.

■ With respect to the Tax Administrator's November 29, 1991 "declaratory ruling", which was clearly issued post-petition, this activity does not fall within any of the prohibitions contained in § 362(a), i.e. to "recover a claim against the debtor" (§ 362(a)(1)); to enforce a judgment against the debtor (§ 362(a)(2)); to "obtain possession of property of the estate" (§ 362(a)(3)); to "create, perfect or enforce any lien against property of the estate" (§ 362(a)(4)); or to satisfy any of the other restrictions set forth in subsection (a). Rather, we interpret the declaratory ruling of the Tax Administrator as being its internal legal assessment of the propriety of its pre-petition conduct, for the benefit of other government branches.

■ Furthermore, we agree with the State that the placing of the lien on the Debtor's accounts receivable does not constitute an avoidable preference under 11 U.S.C. § 547. Although it is undisputed that the lien came into existence on August 21, 1991 (within the ninety days preceding

---

1. That section provides that a petition filed under section 301 [voluntary cases] operates as a stay ... of—

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor;

the Debtor's Chapter 11 filing), pursuant to now well established decisional authority, trust-fund taxes such as the withholding and sales taxes at issue here which are withheld or collected prior to the filing of the bankruptcy petition do not constitute property of the estate, and thus cannot be the subject of a preference. *Begier v. I.R.S.*, 496 U.S. 53, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990); *In re Al Copeland Enterprises, Inc.*, 133 B.R. 837, 22 B.C.D. 264 (Bankr.W.D.Tex.1991).

Here, the State's sales and withholding taxes due from the Debtor were accrued in May, 1991, well before the Chapter 11 filing date, and are therefore being held by the DOE, in trust, for the benefit of the Tax Administrator, by operation of law.

The Debtor's purchase order no. 131309 to the DOE indicates a balance due for the period August through October 15, 1991 of $12,000. The Tax Administrator has claimed an outstanding tax obligation of $5,899.48. Thus, in accordance with the foregoing discussion, we ORDER the DOE to pay $5,899.48 of said proceeds to the Tax Administrator, and to pay the balance to the Debtor, forthwith.[2] Upon payment as ordered, the tax lien which gave rise to this litigation is discharged.

Finally, based upon the entire record before us, and because we do not find the legal issues to have been as clear and settled as perceived by the Tax Administrator, its request that the Debtor be sanctioned pursuant to Rule 11 [FED.R.BANKR.P. 9011] is DENIED.

### JUDGMENT

In accordance with Fed.R.Bankr.P. 9021, and for the reasons set forth in the DECISION issued June 15, 1992, it is ORDERED and ADJUDGED that:

(1) The Debtor's purchase order no. 131309 to the Department of Education indicates a balance due for the period August through October 15, 1991 of $12,000;

---

**2.** Although technically the DOE is not a named party herein, the fact that another branch of the state government is a party (the Tax Administra-

(2) The Tax Administrator has claimed an outstanding tax obligation of $5,899.48;

(3) The Department of Education is ORDERED to pay $5,899.48 of said proceeds to the Tax Administrator, and to pay the balance to the Debtor forthwith;

(4) Upon payment as ordered in Paragraph (3), the tax lien in question is DISCHARGED.

(5) The Tax Administrator's request that the Debtor be sanctioned pursuant to Rule 11 [FED.R.BANKR.P. 9011] is DENIED.

tor) we think that sufficient to impose such an instructional order against the DOE.